**Affirmed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01035-CR

---

### GLENN LLOYD KINGHAM, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1371576**

---

## M E M O R A N D U M   O P I N I O N

Appellant Glenn Lloyd Kingham challenges his conviction for evading arrest and detention, asserting that there was insufficient evidence to support the conviction and that he was egregiously harmed by jury charge error. We affirm.

### BACKGROUND

Officer T. Phan of the City of Webster Police Department noticed a blue Ford Taurus "traveling at a high rate of speed" on I-45 south in Harris County

while Phan was patrolling in his marked patrol vehicle on the night of December 18, 2012. Phan followed the vehicle to "pace" its speed and discovered the car was traveling at around 80 miles per hour; the posted speed limit was 65 miles per hour. Phan activated his lights and siren to stop the vehicle, and the driver of the vehicle pulled over to the side of the road.

Phan approached the vehicle and asked the driver, later identified as appellant, if he had a valid driver's license and to identify himself. Appellant refused and was uncooperative, repeatedly asserting that Phan was "unlawfully detaining" him and that he "had the right to remain silent." Phan informed appellant that Phan had stopped appellant for speeding. Phan requested backup because of appellant's uncooperative behavior. Two additional officers—Officer Basset and Officer S. Sosa from the Webster Police Department—arrived shortly at the roadside scene, both in marked patrol vehicles. Basset was able to get the passenger to exit appellant's car. Phan requested that Sosa move her marked patrol vehicle in front of the stopped car. For over ten minutes (both before and after back-up arrived), Phan stood at the driver's side window repeatedly telling appellant that he had been stopped for speeding, requesting his identification, and instructing him to exit his vehicle.

Phan informed appellant that they were going to have to remove him from the vehicle "either peacefully or by force." Nearly fifteen minutes into the traffic stop, after appellant was repeatedly warned that if he did not exit his car he would be removed by force, Basset broke the passenger side window to attempt to unlock the door. Sosa began attempting to break the driver's side window. None of the officers had their weapons drawn during any portion of the roadside interaction.

Appellant immediately put his car in reverse, pulled away from the nearby officers, put his car in drive, and fled the scene. Officers Phan and Sosa got back

2

into their patrol vehicles and began pursuing appellant. For over ten minutes, appellant evaded the pursuing officers, driving at a high rate of speed on four-lane roads, then through streets and residential neighborhoods. Appellant ran red lights and did not stop at stop signs. At the conclusion of the high-speed chase, appellant ran from his car, evaded on foot, and was not arrested that evening. A warrant was issued for his arrest, and appellant was subsequently arrested.

At his trial, Phan and Sosa testified to the above facts. They both identified appellant as the driver of the vehicle. Phan testified that the Ford Taurus was registered to appellant and that Phan had identified appellant from his driver's license photograph on the evening of the incident. Sosa stated she had also made contact with appellant and described him as "argumentative." Phan testified that he intended to remove appellant from his vehicle for "public safety" because "he might be intoxicated." Phan explained that he observed that appellant had "slurred speech" and a "dried mouth, which are indicators of possible intoxication." Phan anticipated performing standard field sobriety testing on appellant to "continue further with the investigation." Phan and Sosa testified that appellant was being detained before he fled in his vehicle. The dash-cam videos from both Phan's and Sosa's patrol units were played for the jury. Phan's dash-cam video recorded the entire incident, from the time that Phan pulled appellant over to the end of the high-speed chase.

Both sides rested and closed, and the trial court charged the jury. The jury found appellant guilty as charged, and after a punishment hearing, sentenced him to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] This appeal timely followed.

---

[1] Appellant had a background of evading, failure to identify, and several other non-violent misdemeanor offenses.

## SUFFICIENCY

In his first issue, appellant asserts that there is insufficient evidence to support his conviction. A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. Tex. Penal Code § 38.04(a). When the actor uses a vehicle while in flight, this offense is a felony of the third degree. *See id.* § 38.04(b)(2).

When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

Here, appellant asserts that there is a material variance between the indictment and the evidence. He urges that, although the State indicted him for evading *detention*, the evidence at trial proved that he was instead evading *arrest*. The indictment alleged that appellant

4

did then and there unlawfully, intentionally flee from T. PHAN, hereafter styled the Complainant, a PEACE OFFICER employed by WEBSTER POLICE DEPARTMENT, lawfully attempting to DETAIN the defendant, and the Defendant knew the Complainant was a PEACE OFFICER attempting to DETAIN the Defendant, and the Defendant used a MOTOR VEHICLE while he was in flight.

When the state alleges a narrower manner and means by which an offense may be committed in the indictment, that definition is "the law as authorized by the indictment"; thus the narrower allegation must be proved beyond a reasonable doubt. *Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011). Based on this indictment, then, the State was required to prove beyond a reasonable doubt that appellant evaded detention. *See id.* As this is the only element of the offense for which appellant challenges the sufficiency of the evidence, we confine our review to whether there is legally sufficient evidence that appellant evaded detention.

On a routine traffic stop, police officers may request certain information from a driver, such as a driver's license and car registration, and may conduct a computer check on that information. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). After the computer check is completed and the officer knows that the driver has a currently valid license, no outstanding warrants, and the car is not stolen, the traffic-stop investigation is fully resolved. *Id.* at 63–64. At this point, the detention must end and the driver must be permitted to leave. *Id.* at 64. However, once an officer concludes the investigation of the conduct that initiated the traffic stop, continued detention is permitted if the officer has reasonable suspicion to believe another offense has been or is being committed. *Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). An officer's reasonable suspicion must be supported by specific articulable facts that, taken together with rational inferences from those facts, would warrant a person of reasonable caution in the belief that a continued detention was justified. *Id.* at 920.

5

As noted above, appellant was pulled over for speeding, which is a reasonable detention. *See id.* at 919 ("[A]n officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation."). Appellant was uncooperative during the traffic stop and refused to provide identification or exit the vehicle. There is no indication that any of the officers were able to complete the traffic stop so that appellant's detention should have ended and he should have been permitted to leave. *See Kothe*, 152 S.W.3d at 63–64. Further, Phan testified that appellant had slurred speech and a dry mouth, which Phan stated were both factors indicative of being under the influence of alcohol. Phan stated that he wanted appellant to exit the vehicle for "public safety" and so he could further investigate whether appellant was driving while intoxicated. Thus, Phan articulated specific facts that warranted his continued detention of appellant. *See Vasquez*, 324 S.W.3d at 920–21. And appellant fled before Phan was able to either complete the investigation of the traffic stop or further investigate whether appellant was driving while intoxicated.

Viewing this evidence in the light most favorable to the verdict, there is more than sufficient evidence from which any rational juror could have found that appellant was evading detention as charged in the indictment. Accordingly, we overrule appellant's first issue.

## ALLEGED CHARGE ERROR

In his second issue, appellant asserts that he was egregiously harmed by the trial court's jury charge error. Specifically, he asserts that the trial court erred by stating in both the abstract and application paragraphs of the guilt-innocence jury charge that the indictment charged appellant with evading arrest or detention.

We review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error

6

to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). The degree of harm necessary for reversal under the second inquiry depends on whether the appellant preserved the error; when, as here, the appellant failed to object, we will reverse only if there is "egregious harm." *Id.* at 743–44. Egregious harm is error that affects "the very basis of the case," deprives the defendant of a "valuable right," or "vitally affect[s] a defensive theory." *See Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

Under section 38.04(a) of the Penal Code, a person commits the offense at issue if he evades arrest *or* detention. Tex. Penal Code Ann. § 38.04(a). As noted above, in the indictment, the State alleged that appellant fled from a police officer attempting to "detain" him. In the application paragraphs of the jury charge, the trial court used only the term "detain" when referencing the elements of the offense, but the trial court also referred to the title of the offense as "evading arrest or detention" in both the abstract and application paragraphs:

> The defendant . . . stands charged by indictment with the *offense of evading arrest or detention*, alleged to have been committed on or about the 18th day of December, 2012, in Harris County, Texas. The defendant has pleaded not guilty.
>
> A person commits the *offense of evading arrest or detention* if he intentionally flees from a person he knows is a peace officer attempting lawfully to *arrest or detain him*. It is a felony offense if the person uses a vehicle while the person is in flight.
>
> ***
>
> Now, if you find from the evidence beyond a reasonable doubt that on or about the 18th day of December, 2012, in Harris County, Texas, the [appellant] did then and there unlawfully, intentionally flee from T. Phan, a peace officer employed by Webster Police Department, lawfully attempting to ***detain*** the defendant, and the defendant knew that T. Phan was a peace officer attempting to ***detain*** the defendant, and the defendant used a motor vehicle while he was in

7

flight, then you will find the defendant guilty of *evading arrest or detention*, as charged in the indictment.

(emphasis added).

Importantly, when instructing the jury on the elements it must find for conviction, the trial court used only the term "detain" and not the term "arrest," consistent with the indictment. The trial court included the "arrest" language only when referencing the title of the offense, as emphasized in the above-quoted paragraphs. The trial court did not err by referring to the correct title of the offense because it also limited the jury to determining the elements of the offense as charged in the indictment, *i.e.*, that the jury could only find appellant guilty if he fled from an officer attempting to *detain* him. Furthermore, even if the trial court erred by including "arrest" when referencing the title of the offense, appellant cannot show egregious harm because the court correctly instructed the jury on the elements it must find for conviction consistent with the indictment. *See Foster v. State*, No. 14-11-00653-CR, 2013 WL 476817, at *5–6 (Tex. App.—Houston [14th Dist.] Feb. 7, 2013, no pet.) (mem. op., not designated for publication) (concluding under nearly identical circumstances that the appellant neither established charge error or egregious harm by the trial court's inclusion of the title of the offense of evading arrest or detention in the jury charge).

Under these circumstances, appellant has not demonstrated that the charge was erroneous, nor has he suffered egregious harm. We overrule appellant's second issue.

## CONCLUSION

We have overruled both of appellant's issues. The judgment of the trial court is affirmed.

/s/    Sharon McCally
       Justice

Panel consists of Justices McCally, Brown, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).